53 F.3d 349
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 TRI-TECH, INC., d/b/a Stairmaster, Plaintiff/Counterdefendant-Appellee,
v.
TRU-TRAC THERAPY PRODUCTS, INC., and Evan Flavell,
Defendants/Counterclaimants-Appellants.
 No. 94-1384.
 United States Court of Appeals, Federal Circuit.
 April 28, 1995.
Rehearing Denied May 24, 1995.
 
 Before NEWMAN, MICHEL and PLAGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Tru-Trac appeals from the order of the United States District Court for the Central District of California in No. SA CV 90-761, granting summary judgment of noninfringement to Tri-Tech, Inc. Because of narrowing amendments to the claims, statements in the specification and statements of the patentee during reexamination that are part of the prosecution history record in the Patent and Trademark Office, the functions of the speed-regulating means of the claimed and accused devices are not identical. The former functions to allow variations of speed while increasing resistance, but the latter functions to prevent increases in speed. Nor are the associated structures the same or equivalent within the meaning of 35 U.S.C. Sec. 112, p 6. In addition, we hold the district court correctly construed the reissue claims as excluding constant speed devices and no reasonable juror could conclude that the accused device infringes the claims as so construed, since they would have to find the accused Stairmaster machine to be a variable speed device which it plainly is not. Therefore, we affirm.
 
 DISCUSSION
 
 2
 I. As the district court properly held, the claimed device was a variable speed device and the speed-regulating means allowed changes in speed. During reexamination, the applicant was confronted with overcoming the Gardiner patent. To distinguish over it, he argued that Gardiner involved a constant speed exercise device, "precluding such user-induced speed increases and decreases entirely," Appendix 644-45, as his device allowed. In this way the applicant expressly distinguished his claimed device, which allows for speed increases over and above the set speed, from Gardiner, which, per Tru-Trac, did not. Whether Tru-Trac accurately understood Gardiner is irrelevant. In light of Tru-Trac's view of Gardiner, Tru-Trac disclaimed some potential coverage of its patent application claims. It is in this light that the phrase that Tru-Trac added must be construed. The added phrase stated that the speed-regulating means operated, "such that ... at or above the selected speed the user encounters a resistance proportioned to the force applied by the person exercising." Accordingly, despite the broad wording of the added clause that linguistically would include levels of increased resistance that would prevent changes in speed altogether, the '267 patent as reissued cannot cover constant speed devices. Such coverage was thus surrendered during reexamination. Nor may appellant's attorney's private interview notes be considered part of the prosecution history which is a public record. Moreover, the incorporation by reference of patents for devices, some of which include constant speed regulators, does not matter, for the surrender occurred thereafter and thus effectively "unincorporated" those devices. Finally, coverage of constant speed devices is inconsistent with the emphasis throughout the specification, e.g., col. 3:67-4:2, "higher speeds are more difficult to attain," that the claimed devices allowed and indeed accommodated varying speeds.
 
 
 3
 II. No reasonable juror could find that the Stairmaster device, the PT-4000, allows for varying speeds above the pre-set speed, according to the desire and effort of the user. Rather, it is a constant speed device, both as designed and as actually operated. As the district court noted, it operates, once over the threshold speed, "with a speed that does not exceed the set speed."
 
 
 4
 Although appellant argued that in some circumstances the speed of the Stairmaster device can vary "slightly," in the district court's words, this lack of absolute operational perfection does not change the Stairmaster PT-4000 from a constant speed to a variable speed exercise device. No reasonable juror could find otherwise.
 
 
 5
 III. Because the accused device does not meet the limitation of the means clause concerning speed regulation, it cannot infringe the patent even if it meets all other claim limitations. Therefore, there is no need to analyze the other limitations in the '267 patent.
 
 
 6
 Appellant essentially argues that the added language, viewed in isolation, could support a construction consistent with its position, that is, that the '267 patent covers both variable speed and constant speed devices. The short answer is that would be true only by ignoring applicant's representations to the examiner, particularly those designed to distinguish the Gardiner patent. It would also require ignoring the thrust of the specification which throughout emphasizes varying speeds in the claimed device. That is not permissible. Competitors are entitled to rely on the specification and prosecution history record.
 
 
 7
 Appellant's argument on the same or structurally equivalent speed-regulating means being incorporated by reference via patents listed in the specification fails because of the lack of substantial evidence on the summary judgment record that the structures of these patents are the same or equivalent to the structures of the Stairmaster--computer, AC alternator, tachometer, software interface, variable voltage, intermittent braking, etc. It also fails because unexplained citations to prior art patents cannot negate inconsistent clear language by applicant himself in the prosecution history and the specification.
 
 
 8
 In light of the foregoing, appellant's other arguments need not be analyzed, seriatim, although all of them have been considered.
 
 
 9
 As to validity and enforceability, the district court made no rulings. Therefore, neither do we.
 
 
 10
 As to the construction of the '267 claims, the district court was correct, just as it was, consequently, in granting summary judgment of noninfringement.